IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00162-PAB

JEFFREY A. MASCIO and
MERIDIAN CAPITAL ADVISORS, LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

PETER GRAHAM and
SUZANNE GRAHAM,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiffs' Petition to Compel Arbitration [Docket No. 1]. Plaintiffs state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6. As explained below, subject matter jurisdiction is not apparent from the petition.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995),

*abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs invoke 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction.[1] Docket No. 1 at 2, ¶ 6. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of Meridian Capital Advisors, LLC ("Meridian Capital").

---

[1] While plaintiffs seek relief under the Federal Arbitration Act ("FAA"), Docket No. 1 at 2, ¶ 5, the FAA does not create federal question jurisdiction over arbitration disputes, but instead requires an independent jurisdictional basis. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) (describing the FAA as "something of an anomaly in the field of federal-court jurisdiction in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis") (internal quotations omitted).

The petition states that plaintiff Meridian Capital is a limited liability company ("LLC") "organized under the laws of Colorado with its principal place of business in Englewood, Colorado."  Docket No. 1 at 2, ¶ 2.  Neither the state of registration nor the address of Meridian Capital's principal place of business is relevant to determining Meridian Capital's citizenship.  While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[2] these considerations are irrelevant to the determination of the citizenship of an LLC.  The consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *see also Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419-20 (3d Cir. 2010) (citing cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship").

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an

---

[2]  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC, v. Berkshire Property Advisors, LLC,* 2009 WL 2055206, at *2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Plaintiffs have not identified the members of Meridian Capital or those members' domiciles. *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).[3] The Court is therefore unable to determine the citizenship of plaintiff Meridian Capital and whether the Court has subject matter jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege

---

[3] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).

in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

In addition to this jurisdictional defect, Meridian Capital is presently unrepresented in this action.  Plaintiff Jeffrey Mascio is appearing *pro se* and, apparently, seeks to represent both himself and Meridian Capital in this action.  "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."  *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *see also Isaacs v. Wells,* 2010 WL 1404432, at *1 (D. Utah Apr. 6, 2010); D.C.COLO.LAttyR 5(b) ("[A] corporation, partnership, or other legal entity . . . may not appear without counsel admitted to the bar of this court.").  Mr. Mascio does not identify himself as an attorney, and the Court will not assume that he is one.  The Local Rules of Practice for this Court provide that, if a business entity fails to secure the prompt appearance of counsel, "pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LAttyR 5(b).  Should a licensed attorney fail to enter an appearance on behalf of Meridian Capital on or before February 24, 2017, the Court will dismiss Meridian Capital.  *See Patel v. Parmar,* 2014 WL 3845437, at *2 (D. Kan. Aug. 4, 2014) (stating that the court would dismiss plaintiff's claims if he failed to retain counsel within forty-five days).

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on February 10, 2017**, plaintiff Jeffrey A. Mascio shall show cause why this case should not be remanded due to the Court's

lack of subject matter jurisdiction.  It is further

**ORDERED** that, on or before **5:00 p.m. on February 24, 2017**, counsel for Meridian Capital shall enter his or her appearance.

DATED January 26, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge